IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE PERFECTO JARAMILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-835-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jose Perfecto Jaramillo, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On February 24, 2014, in 372nd District Court of Tarrant

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

County, Texas, Case No. 1350077D, petitioner waived his right to a jury trial, pleaded guilty to felony driving while intoxicated (DWI), and was sentenced to 13 years' confinement. (SHR at 94.[2]) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3.) On October 30, 2014, petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on May 13, 2015, without written order on the findings of the trial court.[3] (SHR at 13.) Petitioner filed this federal petition for habeas relief on October 28, 2015.[4] (Pet. at 10.)

Generally, petitioner claims he received ineffective assistance of trial counsel and that the state failed to disclose evidence favorable to the defense. (Id. at 6.)

---

[2] "SHR" refers to the record of petitioner's state habeas proceeding in WR-83,215-01.

[3] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 12 of the application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[4] Likewise, an inmate's federal habeas petition mailed via the prison mailing sytsem is deemed filed when the document is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II. Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Preliminary Answer at 4-9.) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

3

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters occurring before or during the plea proceedings, subsection (A) applies to his case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final upon expiration of the time petitioner had for filing a timely notice of appeal on March 26, 2014. Thus, the limitations period commenced on March 27, 2014, and expired one year later on March 26, 2015, absent any applicable tolling. See TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Under § 2244(d)(2), the limitations period was tolled 196 days during the pendency of petitioner's state habeas application, making his federal petition due on or before October 8, 2015. 28 U.S.C. § 2244(d)(2). Petitioner has not however alleged or demonstrated rare and exceptional circumstances that would justify additional tolling as a matter of equity. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him

4

from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner does not explain his delay in his pleadings, and there is no evidence in the record that he was prevented in some extraordinary way from asserting his rights in state or federal court.

Therefore, petitioner's federal petition was due on or before October 8, 2015. His petition, filed on October 28, 2015, is untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED November 7, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

5